## White's Appeal.

*An engine-house, partly of stone, and partly of wood, with stone foundations for a steam-engine, erected by a tenant for years for the use of a coal-mine, he having the privilege of removing all fixtures at the expiration of his term, is not the subject of a mechanics' lien.*

From the Common Pleas of Schuylkill.

*April* 13. The sheriff, under a *fi. fa.*, sold the interest of A. White, in a lease of certain coal-mines, together with the houses, fixtures, &c., erected by him at the mines.

Heist claimed out of the fund, under a mechanics' lien, for the work done, &c., in erecting a one-story boiler and engine-house, situate at the head of the slope, and built partly of stone and partly of wood. The claim was for the stone work of the house, and for the foundation of the engine and boilers, and the chimney. The engine was used for draining the mines and drawing up the coal. The house, &c., was built by White, who held under a demise for ten years of the right to mine coal, with the right to the houses at the mine, and the fixtures there erected, which were to be delivered up at the expiration of the term, the lessors reserving the right to farm the surface of the land, so as not to interfere with the operations of the tenant under the lease. White covenanted

to erect this steam-engine, and there was a stipulation that he might, at the expiration of the term, remove it, and all fixtures by him erected. The court awarded the fund to the mechanics' lien, and White, an execution-creditor of A. White, appealed.

*Parry*, for appellant.—The building was a fixture, and, by the express terms of the lease, removeable by the tenant; it is therefore personal property: 1 H. Bl. 259; 3 East, 53; 4 W. 330; 2 W. & S. 116; Ib. 390. This is not subject to the mechanics' lien law: Church *v.* Griffith, 9 Barr, 117. The boundaries of the land cannot be defined within that law, for the tenant had no right to the land, but for a special purpose.

*Cumming*, contra.—It is not a fixture, but a permanent structure, being on stone foundations, and not removeable without destruction. That the owner is a tenant for years, is immaterial: 5 W. 487; 9 W. 52. The lien binds but the interest of the lessee, it is true, but it was only that interest which was sold.

*April* 23. ROGERS, J.—As this is a case between landlord and tenant, or rather a contest between the creditors of the latter, the claim, to have the articles considered as personal property, is received with latitude and indulgence. That which would otherwise be held as part of the realty, and inseparable from it, is treated, in favour of trade, as personalty, with all the incidents and liabilities of that species of property. Here, the engine and other machinery erected by the lessee to carry on the works, with the building, which is nothing more than a covering for the machinery, extending into the mines, by which the mines are worked, and are useless for any purpose unconnected with the working the mines, and transporting the coal, are personal property. This is clear on the authority of Lawton *v.* Salmon, 1 H. Bl. 259, n.; Elwes *v.* Maw. 3 East. 53; 2 Pet. 137; Lemar *v.* Miles, 4 W. 330, and other cases. The building being attached to the freehold, makes no difference: Voorhis *v.* Freeman, 2 W. & S. 116. Besides, if there was any doubt on general principles, that doubt is removed by the contract; for the lessors and lessee agree, that all the steam-engines, fixtures, and improvements erected by the lessee on the premises, from materials furnished by him, may be removed and taken away at the expiration of the lease, or other determination thereof, unless the lessors or their assigns elect to retain the same.

Y

The sixth clause of the contract, as has been contended, does not interfere with this construction; for it extends to such houses only as may be required for the accommodation of the miners, (obviously dwellings,) opening and fitting up mines, making railroads, and other repairs or work done by the lessee about the demised premises. Such, according to the agreement, are to be made at the costs and charges of the lessee, without any claim on the lessors. The lessors assert no right to this machinery. It is admitted to be the property of the lessee. That consent will change property, otherwise real, into personal estate, is ruled in Piper v. Martin, 8 Barr, 211, and Mitchell v. Freedley, antè, 198. For, whether attached to the realty or not, or in whatever manner attached, is immaterial, when the parties agree to consider it personal property: 8 Barr, 211; 2 W. & S. 116. The building, then, and machinery, although fixtures, being chattels, are not the subject of a mechanics' lien, as is ruled in Church & Carothers v. Griffith & Dixon, decided at Pittsburgh, at our last term. The act of the 28th of April, 1840, has no bearing on this question, as its only effect is to modify the remedy for the recovery of a mechanics' lien, so that no greater estate, in the premises charged with the lien, can be sold, than was vested in the person in possession, at the time the building was erected; and this, whether the lien was created before or since the passage of the act: Evans v. Montgomery, 4 W. & S. 218; O'Conner v. Warner, Ib. 223. The act curtails, but does not enlarge the right of the mechanics' lien creditor. On what species of property the lien attaches, is left as before the passage of the act. As the cases cited show that this is not a case where mechanics are entitled to a lien, not being a building within the meaning of the act, we are of opinion that the decree of the court, awarding $545.15, the amount of the mechanics' lien, to Richard Hart, be reversed.

The record is remitted to the Court of Common Pleas, with orders to carry this decree into effect.