# Ridgway Dynamo & Engine Co. *v.* Werder, Appellant.

*Bailment — Conditional sales contract — Fixtures — Mines and mining — Motor generator set — Contest between mortgagee and bailor—Act of June 7, 1915, P. L. 866—Constitutional law—Special legislation—Creation of liens—Collection of debts.*

1. As a general rule a motor generator set placed in a coal mine and necessary to its operation, becomes a part of the real estate, and will pass as such.

2. While it is true that a conditional sale of such generator set, accompanied by change of possession, vests in the vendee a good title as to third parties, yet if the seller of such set complies with the terms of the Conditional Sales Act of June 7, 1915, P. L. 866, he will retain title to the set although delivered and attached to real estate.

3. Where an owner of coal, leases it with a provision that the mining equipment to be erected on the premises by the lessee shall be forfeited to the lessor in case of default, and thereafter the owner sells the surface to the lessee but without the lease merging

in the conveyance, and takes a purchase-money mortgage, and after this the lessee acquires a motor generator set under a conditional sales agreement duly recorded under the Act of June 7, 1915, P. L. 866, the seller of the generator set may recover it in replevin from the original owner and lessor of the coal and land, who has bought the real estate in, under proceedings on the mortgage instituted after the conditional sales agreement was recorded.

4. The Act of June 7, 1915, P. L. 866, does not violate article III, section 7, of the Constitution as being a special law for the creation of liens or changing the method for the collection of debts.

Argued September 28, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 110, March T., 1926, by defendant, from judgment of C. P. Westmoreland Co., May T., 1924, No. 1038, on directed verdict for plaintiff, in case of Ridgway Dynamo & Engine Co. v. Tillie C. Werder. Affirmed.

Replevin for motor generator. Before COPELAND, P. J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, in directing verdict for plaintiff, quoting record.

*Thomas L. Kane,* with him *James L. Kennedy,* for appellant.—The motor generator set, by the forfeiture of the lease, became the property of the lessor: D., L. & W. R. R. v. Sanderson, 109 Pa. 583; Fluke v. Lang, 283 Pa. 54; Page v. Middleton, 118 Pa. 546, 548; American Pig Iron, etc., Co. v. Iron & Coal Co., 205 Pa. 403; Swaney v. Doumont, 44 Pa. Superior Ct. 49; Isman v. Hanscom, 217 Pa. 133, 135, 136; McClintock & I. C. v. Ætna Ex. Co., 260 Pa. 191, 196, 197; Innis v. Templeton, 95 Pa. 262; Goenner v. Glumicich, 81 Pa. Superior Ct. 521.

The motor generator set having been installed as part of the mining operation, became part of the realty: White v. Arndt, 1 Whart. 90, 93; Darrah v. Baird, 101 Pa. 265, 271, 272; Radey v. McCurdy, 209 Pa. 306, 312; Cowanshannock C. & C. Co. Tax Assessment, 283 Pa. 122; Fassitt v. Seip, 249 Pa. 576; O'Kane v. Murray, 252 Pa. 60; Brunswick v. Hoover, 95 Pa. 508; Ott v. Sweatman, 166 Pa. 217; Forrest v. Nelson, 108 Pa. 481; Printing Press Co. v. Pub. Co., 213 Pa. 207.

By the sale on the foreclosure of the mortgaged premises, the title to the motor generator set passed to appellant as purchaser: O'Malley v. Pugliese, 272 Pa. 356; Vail v. Weaver, 132 Pa. 363; Bullock E. M. Co. v. Traction Co., 231 Pa. 129; Levin v. McClaskey, 252 Pa. 520.

The Conditional Sales Act of June 7, 1915, P. L. 866, could not limit or impair defendant's rights as lessor and mortgagee: Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486, 493; Dyer v. Wallace, 264 Pa. 169, 174; Fluke v. Lang, 283 Pa. 54; Page v. Carr, 232 Pa. 371; Smith's App., 241 Pa. 336; Sax v. School Dist., 237 Pa. 68; Laplacca v. Rapid T. Co., 265 Pa. 304.

Though the forfeiture of the lease and foreclosure were after the recording of the conditional sales contract, that did not make defendant a subsequent purchaser: Galey v. Guffey, 248 Pa. 523, 530; Phila. v. Traction Co., 258 Pa. 152, 165; Columbia & Montour El. Co. v. North B. F. Co., 258 Pa. 447; Bullock E. M. Co. v. Traction Co., 231 Pa. 129; Hopkins v. Rettinger, 230 Pa. 192.

*William S. Rial,* with him *H. E. Marker,* for appellee. —By no form of agreement, between defendant, as the grantor of the real estate (and the purchaser thereof at judicial sale) and her grantee, could the rights of a third person, such as this conditional seller, granted by statute be impaired, in the absence of a provision in the act itself or in legislation allowing such impairment: Bucher v.

Com., 103 Pa. 528; Holt v. Henley, 232 U. S. 637; Detroit Steel Cooperage Co. v. Brewing Co., 233 U. S. 712.

OPINION BY MR. JUSTICE WALLING, November 22, 1926:

On April 22, 1922, Tillie C. Werder, the defendant, made a royalty lease of certain coal, etc., in land owned by her in St. Clair Township, Westmoreland County, to Howard B. Payne. The lease required the lessee, inter alia, to expend not less than $50,000 for mining equipment, which in case of his default should be forfeited to the lessor as liquidated damages. One week later the lessor conveyed to the lessee, inter alia, the surface of the land over the leased coal and received a bond and mortgage thereon. It was stipulated that the conveyance should not merge with the lease. The mortgage was promptly recorded. In the lease and purchase Payne acted as agent for the Marion-Westmoreland Collieries Company. Later, in May, 1922, that company, under a conditional sales contract, obtained from the Ridgway Dynamo & Engine Company, plaintiff, possession of an apparatus used in mining called a motor generator set, of the value of $4,320. This was duly installed as a part of the mining equipment in question, and set upon a concrete foundation but not otherwise attached to the real estate. The conditional sales contract, drawn and executed according to the requirements of the Act of June 7, 1915, P. L. 866, was duly recorded in the prothonotary's office on November 7, 1922. In January, 1924, Mrs. Werder obtained possession of the leased premises by a judgment in ejectment, entered because of the lessee's default; and on February 1, 1924, obtained possession of the land as purchased at sheriff's sale on a judgment entered on the said bond. Prior thereto, on November 12, 1923, the plaintiff gave notice to the conditional vendee (the lessee) of default in payment of a balance of $600 on the motor generator set and of its desire to repossess the same as provided in the contract. On March 12, 1924, plaintiff tendered defendant a bond

to indemnify her for any damage that might be done to the real estate in removing the motor generator set, and, on her refusal to consent to such removal, brought this writ of replevin. From judgment entered on a directed verdict for plaintiff, defendant has appealed.

As a general proposition, a motor generator set, so placed in the mine and necessary to its operation, would be a part of the real estate and pass as such: Titus v. Poland Coal Co., 275 Pa. 431, and cases there cited (p. 437). It is similarly true that a conditional sale, accompanied by change of possession, vests in the vendee a good title as to third parties. The Conditional Sales Act of June 7, 1915, P. L. 866 (6 Purdon's Digest, 13th ed., 7485), however, if valid, enables the vendor, on compliance with its terms, to retain title to certain chattels as personalty although delivered and attached to real estate. This, as to third parties, the act provides can be done only by a written contract setting forth names, dates, amounts, description of property, real and personal, conditions of sale, etc., and must be signed by the parties and duly recorded. Section 6 of the act, P. L. 868, further provides: "Every such contract hereafter recorded pursuant to the provisions of this act shall be valid against the creditors of the conditional vendee, and against his subsequent purchasers, mortgagees, or judgment creditors, from the time of the recording thereof until the same be cancelled of record in the manner now provided by law for cancelling judgments." Section 3 provides, inter alia: "Except as above provided, said goods or chattels shall not, by reason of their being attached to any real property or chattels real, become an accession thereto; but shall be treated as severable, and subject to removal as against the conditional vendee, his heirs, executors, administrators, successors, and assigns, and also as against all other persons having any interest in or liens against such real property or chattels real, upon the tender of a sufficient bond to all such persons holding prior interest in or liens against the same,

conditioned for repairing all damage caused by such severance and removal." Other provisions of the act authorize the vendor in case of the vendee's default and after five days' notice, to recover the property, etc. So far as appears, plaintiff complied with every provision of the statute and, hence, the trial court found, acted within its rights.

While the statute in question does not seem to have been passed upon by an appellate court, similar enactments in other jurisdictions have generally been sustained. Plaintiff was not a party to the lease of the coal and its conditional sales contract with the lessee was not nullified by the latter's prior agreement that fixtures, etc., erected by him on the premises should be forfeited to the lessor in case of his default. That would embrace his own property, but the property here in question never became his. See 24 R. C. L., p. 468, section 762. Neither the lease nor the mortgage was taken on the faith of the motor generator set as the conditional sales contract had not then been made nor the property delivered. It is a general rule that a mortgage so drawn as to embrace property subsequently brought upon the premises will not include that of a third party delivered to the mortgagor under a conditional sales contract. Uniform Laws Annotated, vol. 2a, p. 101, says: "Frequently the buyer of the fixture and the owner of the realty to which it is attached has, prior to the sale of fixture to him, given a mortgage on the real property, sometimes with a clause covering after-acquired property, as well as the land as it stood at the time of the delivery of the mortgage. Later, the conditional buyer has defaulted and a contest over the fixture has arisen between the conditional seller of the fixture and the real property mortgagee, who, of course, had no notice of the conditional sale at the time he took his mortgage, for the very good reason that no conditional sale had occurred. The majority of the cases have declared the conditional seller of the fixture superior, since

the real property mortgagee has taken no action on the faith of ownership of the fixture by his mortgagor": citing authorities.  The United States Supreme Court have, in at least two cases, held the rights of the conditional vendor superior to those of the mortgagee under such circumstances.  See Holt v. Henley, Trustee, 232 U. S. 637; Detroit Steel Co. v. Sistersville Brew. Co., 233 U. S. 712.  To like import are General Electric Co. v. Transit Equipment Co., 57 N. J. Eq. 460, 42 Atl. 101; Campbell v. Roddy, 44 N. J. Eq. 244, 14 Atl. 279; Palmateer et al. v. Robinson, 60 N. J. L. 433, 38 Atl. 957; Baldwin v. Young et al., 47 La. Ann. 1466, 17 So. 883; Blanchard v. Eureka Planing Mill Co., 113 Pac. (Ore.) 55; and see Warren et al. v. Liddell et al., 110 Ala. 232, 20 So. 89.

In the instant case the conditional sales contract was recorded long before the defendant repossessed herself of the coal and land, so she does not occupy the position of a bona fide purchaser without notice.  Nor is she helped by the fact that the lien of the judgment entered on the bond accompanying her mortgage related back to the date of the latter, as such judgment when so entered could acquire no higher right as against the property in question than that of the mortgage.

Appellant urges that the Act of 1915 violates article III, section 7, of the state Constitution, in that it is a special law for the creation of liens or changing the method for the collection of debts.  In fact, it is neither, but merely validates certain conditional sales contracts as to third parties when proper notice is given.  Parties had the common law right to make such contracts, good between themselves (Isman v. Hanscom, 217 Pa. 133; Forrest v. Nelson, 108 Pa. 481), but voidable as to the vendee's creditors: Ott v. Sweatman, 166 Pa. 217; Brunswick and Balke Co. v. Hoover, 95 Pa. 508; Bullock E. M. C. Co. v. Traction Co., 231 Pa. 129.  This act provides when such contracts shall be valid as to third parties and we find nothing in the Constitution which it

violates, or which condemns such conditional sales. We might add it enables the conditional vendor, under certain circumstances, to retain title to his property, but is not a lien upon it, or upon the land to which it is attached; nor does it change the method for collection of debts. Between the original parties, the question of annexation to the real estate depends on their intention (Vail v. Weaver, 132 Pa. 363; Kinnear v. Scenic Railways Co., 223 Pa. 390); as to them the remedies for enforcement of a conditional sales contract are what they have ever been, including a writ of replevin. That the Act of 1915 enables the vendor to make the conditional contract effective as against third parties, does not change the method for collection of debts. As this case rests upon the Act of 1915, we have not discussed the Acts of 1923 and 1925, relating to the same subject.

The judgment is affirmed.