American Laundry Machinery Co. *v.* Miners Trust Co., Appellant.

Argued April 11, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Hopkin T. Rowlands,* with him *G. J. Clark,* for appellant.

*Reynolds & Reynolds, John C. Phillips* and *Evan C. Jones,* for appellee, were not heard.

PER CURIAM, May 9, 1932:

This action in replevin (two suits tried as one and so considered here) was heard by the court below, under Act of 1874, without a jury. Judgment was entered for plaintiff, from which the intervening defendant, substituted as defendant by order of the court below, appeals.

Plaintiff company furnished laundry machinery in two separate lots under bailment leases dated respectively August 28, 1923, and December 29, 1924, held by the Do-Rite Laundry Company,—as assignee of the first lease and as original lessee of the second. The leases provided that the machinery was leased for a named term, for a down payment and rentals in installments thereafter as specified; that the machinery should not be removed from lessee's premises nor sublet without the written consent of lessor, and, at the expiration or sooner determination of the lease, should be delivered up to lessor in good order, etc.; that, in case of default in rentals as agreed upon, or if lessee became insolvent, or any attachment or judgment should be entered against him, the whole rent reserved should become due and payable and lessor might confess judgment for the amount and repossess the machinery.

The premises in which the machinery was installed had been owned by Charles K. Moore and Albert L. Jones (who were lessees under and assignees of the first bailment lease) and were conveyed by them to the Do-Rite Laundry Co. by deed dated April 12, 1924. The Do-Rite Co., by mortgage dated April 26, 1924, mortgaged the land and building, in which the machinery here in question had been installed, to the Kingston Bank & Trust Co. This encumbrance set forth that spec-

ified items of machinery (listing machinery leased by plaintiff company under date of August 28, 1923) were embraced in the lien of the mortgage, "as well as any additional machinery hereafter installed," and that they constituted permanent fixtures to the property. On Oct. 28, 1925, the Do-Rite Company placed with the Miners Trust Co. of Nanticoke a second mortgage on the land, together with the machinery and all equipment "therein and thereon."

Default was made in payment of rentals under the bailment leases, the terms of the leases expiring respectively Sept. 15, 1923, and October 1, 1924.

On June 22, 1927, the Kingston Bank & Trust Co. entered judgment on the bond accompanying its mortgage, issued execution thereon, and sold the property at sheriff's sale Sept. 10, 1927, the Miners Trust Co. becoming the purchaser. At this sale the sheriff read a notice from plaintiff company stating that all machinery listed, naming the items leased by it to the Do-Rite Co., was not the property of defendants, but of the American Laundry Machinery Co., and title to it could not be taken by a purchaser of the real estate or personal property at the sale. The Miners Trust Co. took possession of the property, leasing it, with the machinery, to the Do-Rite Laundry Co.

In December, 1927, plaintiff issued writs of replevin and repossessed the machinery. On petition averring ownership and possession, the Miners Trust Co. was made defendant in this action.

At trial, defendant alleged the machinery was part of the real estate. The court below found against this contention, holding that the agreements between the original parties under which the machinery was installed in the laundry building were bailment leases, that the question of annexation depended on the intention of the parties, and that the evidence clearly indicated no such intention in the present case. The terms of the lease bear out this conclusion, as does the fact that the ma-

chinery was not permanently attached to the building, the heavier pieces being stationary by their own weight and other pieces screwed or bolted in place in such manner that removal was possible at any time without injury to the building. Under such circumstances our cases show clearly that the intention of the parties is the controlling factor: Edwards' App., 105 Pa. 103, 109; Vail v. Weaver, 132 Pa. 363, 370; Kinnear v. Scenic Rys. Co., 223 Pa. 390, 394 et seq.; Schmidt v. Bader, 284 Pa. 41, 45-6; Ridgway D. & E. Co. v. Werder, 287 Pa. 358, 365.

Regarding defendant's contention that specific notice is necessary, showing under what right a claim of ownership was made at time of the sheriff's sale, while such specific notice is prescribed as to real estate, it is not a requirement in connection with the sale of personal property (Edwards' App., supra, 108), consequently the argument is ineffective under the finding that the property here is personal property, not real estate: Cobb & Chase v. Deiches & Co., 7 Pa. Superior Ct. 252, 256.

The court below properly concluded that the sheriff's sale did not pass title to the machinery claimed by plaintiff.

The judgment is affirmed.