SPOOR-LASHER COMPANY, INC., Appellant, *v.* NEWBURGH GAS AND OIL COMPANY et al., Respondents.

(Argued December 12, 1935; decided January 8, 1936.)

*Joseph A. McCabe* for appellant. The tenant is liable for the taxes for the reason that the assessments in the different years ran against the tanks and not against the premises or property of the landlord. (*People ex rel. Hudson River Day Line* v. *Franck,* 257 N. Y. 69; *People ex rel. Muller* v. *Bd. of Assessors,* 93 N. Y. 308; *People ex rel. International Nav. Co.* v. *Barker,* 153 N. Y. 98; *Smith* v. *Mayor,* 68 N. Y. 552; *Smith* v. *Russell,* 172 App. Div. 793; *Matter of Donner-Hanna Coke Corp.,* 212 App. Div. 338; *Witherhead* v. *Ort,* 223 App. Div. 626.)

*George V. L. Spratt* for respondents. The complaint states but a single cause of action for equitable relief and damages incidental thereto. (*Imperial Shale Brick Co.* v. *Jewett,* 169 N. Y. 143; *Gooding* v. *McAlister,* 9 How. Pr. 123; *Payne* v. *N. Y., S. & W. R. R. Co.,* 201 N. Y. 436; *Inderlied* v. *Whaley,* 85 Hun, 63; *Spring* v. *Fidelity Mut. Life Ins. Co.,* 183 App. Div. 134; *Engelhorn* v. *Reitlinger,* 122 N. Y. 76; *Thomas* v. *Scutt,* 127 N. Y. 133; *Uihlein* v. *Matthews,* 172 N. Y. 154; *Miller* v. *Schloss,* 218 N. Y. 400; *Cumming* v. *Harkley,* 8 Johns. 202; *American Metal Co.* v. *Neumann,* 184 App. Div. 229; *Fox* v. *Stern Dental Supply Co.,* 207 App. Div. 750; *Graham* v. *Buffalo General Laundries Corp.,* 235 App. Div. 246; 261 N. Y. 165; *Todd* v. *Keator,* 177 App. Div. 112; *Welsh* v. *Darragh,* 52 N. Y. 590; *Mills* v. *Bliss,* 55 N. Y. 139; *Melnick* v. *Kukla,* 228 App. Div. 321; *Silvestri* v. *Associated Gas & El. Corp.,* 240 App. Div. 179; *O'Brien* v. *Fitzgerald,* 143 N. Y. 377; *Boissevain* v. *Boissevain,* 224 App. Div. 576; *Dagood Holding Corp.* v. *Rosenbluth,* 231 App. Div. 470.) Plaintiff is not entitled to recover the damages prayed for. (*Dudley* v. *Congregation Third Order of St. Francis,* 138 N. Y. 451; *Reichert* v. *Stilwell,* 172 N. Y. 83; *Jackson* v. *Strong,* 222 N. Y. 149; *Ehrlich* v. *Mills, Inc.,* 215 App. Div. 116; *Graham* v. *Dunigan,*

15 N. Y. Super. Ct. 516; *Lageman* v. *Kloppenburg,* 2 E. D. Smith, 126; *Wells* v. *Porter,* 7 Wend. 119; *City of New York* v. *Pike Realty Corp.,* 126 Misc. Rep. 260; *Allen* v. *Murray R. R. Employees' Benefit Fund,* 112 Misc. Rep. 156; *N. Y. C. R. R. Co.* v. *Buffalo,* 76 Misc. Rep. 655; *Matter of Cullinan,* 113 App. Div. 485; *Rouse* v. *Catskill Steamboat Co.,* 59 Hun, 80; *Proctor Troy Properties Co.* v. *Dugan Store, Inc.,* 191 App. Div. 685; *Orr* v. *Doubleday, Page & Co.,* 223 N. Y. 334; *Matter of Loew's Buffalo Theatres, Inc.,* 233 N. Y. 495; *Columbus Spa, Inc.,* v. *Star Co.,* 216 App. Div. 218; *Barker* v. *Hawk,* 189 App. Div. 266; *City of New York* v. *United States Trust Co.,* 116 App. Div. 349; *Ayer* v. *Bonwit,* 161 App. Div. 122; *Nassau Hotel Co.* v. *Barnett & Barse Corp.,* 162 App. Div. 381; 212 N. Y. 568; *Manning Realty Corp.* v. *Topping Bros.,* 120 Misc. Rep. 592; 207 App. Div. 852.)

CRANE, Ch. J.   The courts have been asked to decide who is obliged to pay the real estate taxes imposed on certain oil tanks erected on leased property.

On August 15, 1930, the Spoor-Lasher Company, Inc., leased by written instrument vacant land to the Newburgh Gas and Oil Company for the term of four years, giving to the lessee the " privilege of erecting on said leased premises any other building or structure of any kind or nature upon their obtaining from the party of the first part written permission to do so," etc., " and the said premises are to be used and occupied as a storage station for the bulk storage of gas and oil and kindred commodities."   The following are also pertinent provisions:

" 8. That no building, structure or improvement of any kind or nature shall be made on the said premises without the consent of the said landlord in writing and all structures so placed upon the said premises with the consent of the said landlord *other than movable tanks and personal equipment,* shall belong to the said landlord at

the expiration of the said lease term, or any extension thereof in the event that the option to renew this lease is exercised by lessee."

" 21. If the landlord shall default in the payment of any taxes, *assessed against the premises* * * * the tenant may pay the same and the amount so paid * * * may be applied by the tenant upon any rent theretofore or thereafter falling due hereunder."

Nowhere do we find any statement or provision as to the payment of taxes except the above. The lessor reasons that because of the words " taxes assessed against the premises " the taxes which it was to pay were restricted to those assessed against the premises — vacant premises — as they were on the date of the lease. This reasoning cannot hold good as the expression looks to the future and the contract gave the lessee the right to erect buildings and structures on the land which become the property of the lessor. Movable tanks and personal equipment only were to remain the property of the lessee.

Here we have a case where land is leased with permission given the lessee to erect oil tanks on the property, title to which shall not pass to the landlord. Rent is reserved which is assumed to be fair compensation for all these privileges and rights. The lessor agrees that if it defaults in the payment of taxes against the premises, the tenant may pay and deduct the amount for the rent due.

This would indicate that the lessor was to pay all the taxes assessed against the premises as they then existed or would exist after the tenant had exercised its privilege of erecting buildings or tanks. If buildings, they become the property of the lessor; if tanks, they were to belong to the lessee, but in either case the lessor was to pay the taxes. If the parties had anything else in mind, or the word " premises " was not to include all the premises or all the real estate as it existed at the time of the assessment, the lease should have so stated. Courts cannot

be expected to guess at what the parties meant, or order that to be done which the parties were able to do for themselves and probably would have done had it been thought of. The tanks became part of the realty for the purposes of taxation (*People ex rel. Hudson River Day Line* v. *Franck*, 257 N. Y. 69), and were part of the " premises " on which the taxes assessed were to be paid by the lessor. That the tanks were separately assessed at $8,700 and the land for $95,400 during the years in question cannot affect the terms of the lease. This action, moreover, is one to reform the lease, to place the obligation to pay the tank tax on the lessee, thereby intimating, if not conceding, that it does not now contain any such agreement.

The judgment should be affirmed, with costs.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.