In the Matter of the Application of STANDARD OIL COMPANY OF NEW YORK, Respondent, for a Writ of Certiorari to HENRY M. GOLDFOGLE and Others, Commissioners of Taxes and Assessments of The City of New York, Appellants. (Taxes for Years 1926, 1927 and 1928.) In the Matter of the Application of STANDARD OIL COMPANY OF NEW YORK, Respondent, for a Writ of Certiorari to JOHN R. CREWS and Others, Commissioners of Taxes and Assessments of The City of New York, Appellants. (Taxes for Year 1929.) In the Matter of the Application of

STANDARD OIL COMPANY OF NEW YORK, Respondent, for a Writ of Certiorari to JAMES J. SEXTON and Others, Commissioners of Taxes and Assessments of The City of New York, Appellants. (Taxes for Years 1930 and 1931.) In the Matter of the Application of SOCONY-VACUUM CORPORATION, Respondent, for a Writ of Certiorari to JAMES J. SEXTON and Others, Commissioners of Taxes and Assessments of The City of New York, Appellants. (Taxes for Years 1932 and 1933.) In the Matter of the Application of SOCONY-VACUUM OIL COMPANY, INCORPORATED, Respondent, for a Writ of Certiorari to WILLIAM STANLEY MILLER and Others, Commissioners of Taxes and Assessments of The City of New York, Appellants. (Taxes for Years 1934 and 1935.) — Appeals from ten orders reducing assessments for taxation purposes on some or all of four tax lots for each of the ten years from 1926 to 1935, inclusive. Orders unanimously affirmed, with one bill of fifty dollars costs and disbursements. The proof was ample to sustain the finding of the learned Special Term justice that " this plant, once highly efficient, had become obsolete prior to October 1, 1925, and was of no further use for the purpose for which it was designed," and we are not disposed to disturb such finding. This finding was not intended to mean that the improvements for all purposes were obsolete and worthless. It related to the prime purpose for which the plant was designed, namely, the refining of oil for export shipment. The substantial valuations fixed by the Special Term for such improvements are conclusive that, as indicated in the opinion, the court deemed the improvements to be of value for other commercial uses, inclusive of the making of cans and boxes to which uses the improvements, in part at least, had been put and continued to be devoted. (See *McAnarney* v. *Newark Fire Ins. Co.*, 247 N. Y. 176, 185.) While it was error to hold that the tanks, stills and piping incident to the refining of oil were exempt from taxation (Tax Law, § 2, subd. 6, and § 219-l; *Spoor-Lasher Co.* v. *Newburgh Gas & Oil Co.*, 269 N. Y. 447, 451), this error was immaterial for the reason that, in any event, the record discloses that this equipment did not add substantial value to the improvements for the years in question. Refining operations had been discontinued in 1925 and thereafter were never resumed, and attempts from 1930 to sell or lease the major part of the plant were unsuccessful. The great weight of the competent proof was to the effect that the tanks, stills and piping were worthless. No part of this equipment was ever used thereafter, with the exception that some of the tanks were used for storage purposes, and such incidental use, in the light of the circumstances, did not of itself add to the value of the improvements. Findings and conclusions inconsistent with the foregoing are reversed and disallowed and new findings and conclusions in accordance therewith will be made. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ. Settle order on notice.