In the Matter of the Application of BRONXVILLE BOWLING CLUB, INC., Relator, for a Writ of Certiorari to GEORGE N. SCHMIEDEL, Tax Assessor of the Town of Eastchester, Westchester County, New York, and Others, Respondents.— Submission of controversy pursuant to sections 546–548 of the Civil Practice Act. Judgment directed in favor of the respondents, without costs. The relator's property consists of a one-story brick building in which there have been installed fourteen bowling alleys. The question submitted is whether these bowling alleys are assessable as real property. Subdivision 6 of section 2 of article 1 of the Tax Law defines the terms " land," " real estate " and " real property " as used in the Tax Law as follows: " The terms ' land,' ' real estate,' and ' real property,' as used in this chapter, include the land itself * * *, all buildings and other articles and structures, substructures and superstructures, erected upon, under or above, or affixed to the same * * *." It is conceded that the bowling alleys

are fastened to leveling strips laid upon stringers. These stringers are in turn laid upon but not fastened to a concrete foundation. The alleys might be removed by withdrawing nails and screws and cutting them into sections. Under such circumstances the bowling alleys are articles or structures erected upon or affixed to the land and are assessable as real property. (*Matter of Standard Oil Co. of N. Y.* v. *Goldfogle,* 255 App. Div. 1022; affd., 282 N. Y. 566; *Matter of N. Y. Telephone Co.* v. *Ferris,* 257 App. Div. 415; affd., 282 N. Y. 667; *People ex rel. Herzog* v. *Miller,* 258 App. Div. 724.) Hagarty, Johnston, Taylor and Close, JJ., concur; Adel, J. I dissent and vote to direct judgment in favor of the relator. In my opinion the bowling alleys are not assessable as real property within the purview of the Tax Law. While the manner of fixation of the alleys is not determinative of their character under the provisions of that law, bowling alleys not being specifically mentioned therein, they should be treated like other personal property. Therefore, there should be judgment for the relator in accordance with the terms of the stipulation.