## Brandt, Appellant, *v.* Koppelman.

Argued March 28, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Barnet Lieberman,* with him *H. Mark Solomon,* for appellant.

*Frank M. Lissy,* for appellees.

OPINION BY DITHRICH, J., July 19, 1951:

Appellant, in this action of assumpsit, seeks to recover the sum of $500, representing the value of an oil burner allegedly converted by defendants. The cause was tried nonjury in the Municipal Court of Philadelphia County before JONES, J., who found for defendants. Plaintiff's motions for a new trial and for judgment n.o.v. were dismissed and judgment entered for defendants upon the findings of the trial court.

By an agreement made April 30, 1947, plaintiff, through his agent, the Real Estate Managers Company, leased certain real estate for a period of one year, commencing June 1, 1947, to Leon Koppelman, one of the defendants. It provided in part: "The Lessee shall have an option for a period of 6 months from date of the commencing of this Agreement to purchase this property for the price of $20,000. The said option shall expire without notice on December 1, 1947."

During the term of the lease the plaintiff, through his aforesaid agent, granted the lessee permission to install an oil burner. The permission was contained in a letter dated September 19, 1947, which reads: "It is agreeable with the owner that you shall be permitted to install an oil burner in the said leased property at 2500 Germantown Avenue at your own cost; provided that at such a time you vacate the premises you will be permitted to remove said oil burner, and further provided that you replace the heater in a good and usable condition for coal burning.

"If, however, you exercise your option to purchase by December 1, 1947, an allowance of $500 will be made and deducted from the $20,000 sale price as consideration for this investment."

On November 29, 1947, the option was exercised by an agreement of sale entered into between Real Estate Managers Company, agent for plaintiff, and Abraham Koppelman, the other defendant. The purchase price was $19,500: $1,000 in cash was payable at the signing of the agreement; another $1,000 in cash was to be paid on or before January 10, 1948; and $2,500 in cash was payable at settlement on or before March 1, 1948. The seller agreed to take a first mortgage for the balance. It was also provided that: "Should the purchaser default in performing any conditions of this agreement the sum or sums paid on account are to be retained by the seller, either on account of the purchase price, or as

compensation for the damages and expenses he has been put to in this behalf, as the seller shall elect, and in the latter case this contract shall become null and void and cancellation shall automatically take place."

The purchaser defaulted after having made cash payments in accordance with the terms of the contract totaling $2,000, following which the seller elected to treat those payments as "forfeited and the Agreement of Sale cancelled." Defendant Leon Koppelman remained in possession, paying the monthly rental stipulated in the original lease agreement, from March 4, 1948, the date of default, until June 1, 1948, at which time he vacated the premises pursuant to a written notice. In spite of notice not to do so he removed the oil burner installed by him and replaced the coal-burning heater belonging to plaintiff. This suit followed.

Plaintiff contends that title to the oil burner passed to him by sale when the option to purchase was exercised and that, after exercise of the option, the oil burner became part of the realty and hence was not subject to removal by the lessee in default. The oil burner belonged to the third class of chattels classified in connection with real estate in *Clayton v. Lienhard,* 312 Pa. 433, 437, 167 A. 321, as "those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the *intention* of the parties at the time of annexation; . . ." (Emphasis added.)

It is undisputed that prior to the exercise of the option the oil burner remained personalty by force of the *agreement* of the parties dated September 19, 1947, which supplemented the lease.

We have no difficulty in arriving at the conclusion that the writing dated September 19, 1947, was an

agreement which precluded operation of the general rule that "the exercise of the option to purchase terminates the lease by merger": 51 C. J. S., Landlord and Tenant, §95. "A special agreement between landlord and tenant regarding fixtures supersedes the general rules of law regulating their mutual rights and obligations": 22 Am. Jur., Fixtures, §41. And "As a general rule, parties, as between themselves, may, in their dealings with chattels annexed to, or used in connection with, real estate, fix on them whatever character, as realty or personalty, *on which they may agree* . . ., and the law will enforce such understanding whenever the rights of third parties will not be prejudiced": 36 C. J. S., Fixtures, §13. (Emphasis added.)

To the general rule that "exercise of the option to purchase terminates the lease" is added: "unless the circumstances are such that to permit a merger would work an injustice." To permit plaintiff to default on his agreement, that when "you vacate the premises you will be permitted to remove said oil burner," in our opinion "would work . . . [a rank] injustice" after he had permitted the lessee to remain in possession and collected the rent up to June 1, 1948, the expiration date of the lease. It is thus apparent that both plaintiff and defendants considered the original lease as of binding effect after the default in the option to purchase.

Judgment affirmed.