## Royal Store Fixture Co. *v.* Patten et ux., Appellants.

Argued September 28, 1956.   Before RHODES, P. J.,
GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.
(HIRT, J., absent).

*R. W. Tredinnick*, with him *Frederick B. Smillie*, and *Smillie, Bean, Davis & Tredinnick*, for appellants.

*Harry. M. Sablosky*, with him *Maxwell Strawbridge*, and *Fox, Rothschild, O'Brien & Frankel*, for appellee.

OPINION BY WOODSIDE, J., March 20, 1957:

This is an appeal from an order of the lower court dismissing defendants' motions for a new trial and for judgment n.o.v. in an action of replevin without bond brought by the plaintiff, Royal Store Fixture Co. to recover possession of a frozen custard stand and walk-in cooler situated upon the land of the defendants. The case was tried before a jury which returned a verdict for the plaintiff.

On April 13, 1953, plaintiff sold, under a conditional sale agreement, the frozen custard stand, walk-in cooler, and machinery and equipment for use therein to one Zaroff, who had leased the land upon which the property in question is now situate, from the defendants under a five year lease dated March 2, 1953. Plaintiff also on April 13, secured from the defendant William Patten a "landlord's waiver" which, after setting forth a description of the property sold to Zaroff under the conditional sale agreement provided, inter alia, that "the aforesaid equipment shall be exempt from distress for rent as long as the title thereto remains in the Royal Store Fixture Co." Defendants inserted a clause in the waiver agreement providing that the waiver should "in no other way affect the agreement dated March 1, 1953," (March 2).

On April 18, the conditional sale agreement was recorded in the Prothonotary's office of Montgomery County. On April 26, the frozen custard stand was placed and assembled on defendants' land upon foundations provided by defendants' leasee, Zaroff. The building was connected to water and electric lines, and to a cesspool. From the evidence the jury could have found that the building was in no other way affixed to the foundations or to the land.

On August 26, 1953, Zaroff defaulted in his payments under the conditional sale contract, and on October 1 he defaulted in the payment of rent under the lease. On October 3 defendants mailed plaintiff a letter claiming title to the frozen custard stand and walk-in cooler under clause #3 in the lease which provided that the building should become the property of the leasor upon any default in the lease agreement by the leasee.

Appellants contend that this building is real estate as a matter of law and that title is, therefore, in them as owners of the real estate and that, in addition, they are entitled to the building by virtue of clause #3 in the lease.

In the frequently quoted case of *Clayton v. Lienhard*, 312 Pa. 433, 436-7, 167 A. 321 (1933) it was said: "Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty: (citing). Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty—to them the ancient maxim

'Quicquid plantatur solo, solo cedit' applies in full force: (citing). Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable: (citing)."

The appellants contend that the frozen custard stand and walk-in cooler here in question belong to the second class of property which constitutes realty as a matter of law even in the face of an expressed intention that it should be considered personal property.

We are not prepared to say that the erection of a structure of the type here in question makes it realty as a matter of law regardless of the intent of the parties.

Buildings ordinarily fall within the above second class, but there are exceptions. See *White's Appeal,* 10 Pa. 252 (1849); *Kile v. Giebner,* 114 Pa. 381, 7 A. 154 (1886). As stated by Judge DANNEHOWER, "A building of light construction, a roadside stand, which is not firmly attached might well be regarded as personalty." 36 C.J.S. Fixtures Sec. 11. The frozen custard stand was a relatively small prefabricated structure, 22 feet long, 16 feet wide and 8 feet high. The walk-in cooler was built into the stand. There was ample testimony that the stand was intended to be, and is, easily removable, that it is not attached to its foundations, and that it can be removed either in sections or as an entirety by merely disconnecting the water, electric, and cesspool facilities. It was designed specifically as a

frozen custard stand, and not for other use. Under these circumstances we think that the jury's finding that it was personal property was not unreasonable or capricious.

The question of whether the property could be removed without material injury to the building or the land was submitted to the jury under proper instructions. There was ample evidence to sustain a finding by the jury that the frozen custard stand and cooler were removable without material injury to either the stand and cooler or to the realty, and that the parties intended the stand and cooler to remain personal property.

The mere fact that the property was affixed to water, electric, and cesspool facilities does not render it incapable of being removed without material injury to the chattel or realty: *339-41 Market Street Corporation v. Darling Stores Corporation*, 355 Pa. 312, 49 A. 2d 686 (1946); *Streyle v. Board of Property Assessments*, 173 Pa. Superior Ct. 324, 98 A. 2d 410 (1953).

If this structure could be removed without material injury to itself or to the freehold, the intention of the parties would determine its character as personalty or realty.

The parties here intended this structure to be personalty, at least as long as the appellee had an interest in it. Not only is the intention of appellee and Zaroff that the building should remain personalty clearly expressed in the conditional sale agreement, but appellants in their dealings with appellee indicated a similar intent. In the "landlord's waiver," it was agreed that the "aforesaid equipment shall be exempt from distress for rent as long as the *title thereto remains in the Royal Store Fixture Co.*" (Emphasis supplied). It is difficult to see how title was to remain in the Royal

Store Fixture Co. if the property were to be considered as realty. Appellee's understanding that the building was to remain personalty under the terms of the waiver cannot be contradicted by the lease agreement to which he was not a party. The waiver expressed an assent by the appellants to the treating of the building as personalty. There would be no purpose in exempting property from distress for rent if the property were to be considered as realty which would belong to the landlord upon default of rent payments. The clause inserted by appellants that the waiver would in "no *other* way affect the" lease agreement cannot be construed to contradict the clear intention of the "landlord's waiver." (Emphasis supplied).

Rules regulating rights of third persons in goods sold under security agreements when affixed or related to realty are now set forth in section 9-313 of the Uniform Commercial Code of April 6, 1953, P. L. 3, 12 A. PS §9-313. As this code did not become effective until July 1, 1954, it does not rule this case.

In their brief the appellants quoted from section 7 of the Uniform Conditional Sales Act of May 12, 1925, P. L. 603, as amended by the Act of May 12, 1927, P. L. 979, §2 (now repealed). If they refer to the amendment made to this section by the Act of July 12, 1935, P. L. 658, they will find that there is no merit to their contention that the appellee failed to comply with the provisions of the section.

Appellants in their brief cite *Brandt v. Koppelman,* 169 Pa. Superior Ct. 236, 82 A. 2d 666 (1951) and quote therefrom " 'As a general rule, parties, as between themselves, may, in their dealings with chattels annexed to, or used in connection with, real estate, fix on them whatever character, as realty or personalty, *on which they may agree* . . ., and the law will enforce

such understanding whenever the rights of third parties will not be prejudiced.' "

The appellants in this case are not in the position of a third party whose rights have been prejudiced by the agreement between the appellee and Zaroff. Appellants were aware of the agreement, signed a waiver without which the agreement would not have been consummated, and acknowledged therein that title would be in the Royal Store Fixture Co. If they had had any objection to treating the property as personalty, they could have expressed that objection by refusing to sign the waiver. The court below, therefore, properly affirmed plaintiff's fourth point for charge which reads: "Even if you find that the soft ice cream stand was affixed to the real estate in such a manner that it could not be removed without material injury thereto or to the stand itself and that therefore the soft ice cream stand, after its installation, became realty, nevertheless, you could find that the plaintiff had the contractual right to remove the soft ice cream stand when Lazar Zaroff failed to pay for it because the defendant had notice of its purchase by virtue of the conditional sales contract and that its installation was subject to the condition of said contract." The jury could properly have found that such a contract right existed which was binding upon the appellants: *Coleman v. Lewis*, 27 Pa. 291 (1856); *Ridgway Dynamo & Engine Co. v. Werder*, 287 Pa. 358, 135 A. 216 (1926).

Judgment affirmed.