## Penn-Lehigh Corporation Appeal.

Argued December 15, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Wallace H. Webster, Jr.,* with him *Snyder, Webster & Worth,* for appellant.

*Robert K. Young,* for appellant.

*John H. McKeever,* for appellant.

*Donald L. LaBarre,* for county, appellee.

*David Goldberg,* with him *Verlin & Goldberg,* for interested parties, under Rule 46.

OPINION BY ERVIN, J., March 24, 1960:

These three appeals involve but one issue: Are bowling lanes real estate and taxable as such under The Fourth to Eighth Class County Assessment Law, Act of May 21, 1943, P.L. 571, as amended, 72 PS §5453.201?

The facts were stipulated by counsel but some additional testimony was taken. The court below made findings of fact. From all of these we give the following summary: Each of the three appellants is the owner of a tract of ground on which is erected a building which, while presently being used for bowling, is readily adaptable for other purposes, such as, but not limited to, furniture salesroom, warehouse, roller-skating rink, and light industrial manufactory. Each building has a cement floor on which is laid a network of 16-foot 2 x 4 wooden stringers over the entire floor used for bowling lanes, so constructed that the cribbing need not be and is not fastened either to the walls or to the concrete floor. On top of this cribbing is laid rough boarding, called leveling strips, which are fastened to the cribbing, using shims where necessary to produce a level surface. In the Jordan Bowling Center there are 28 bowling lanes, in the Boulevard Bowling Centre there are 24 bowling lanes, and in the Penn-Lehigh Bowling Center there are 8 bowling lanes, each constructed on the premises, from maple boards which are tongued and grooved and then fitted together along the breadth of the board until a height of 42 inches has been obtained, for the length of the lane. This pile

of fitted boards is then turned over to rest upon the leveled undersurface so that the thickness edge of the maple boards constitutes the bowling lane surface of a width of 42 inches. These lanes are keyed in with the approach area and are constituted so that the ends of the boards are staggered. The space between the lanes is occupied by "gutters" of plywood and by a trough for the return of bowling balls to the approach area. The pit for reception of a ball after play is constructed either by a lower level of the basic concrete foundation or by raising the substructure of the lanes to permit the balls to drop off after play. Any anchoring of the lanes is obtained either by fastening the underside of the leveling strip or by the rigidity of the entire system of lanes and troughs within the walls of the playing area. No part of the bowling lane or of the substructure is attached directly to the walls or to the cement floor of the building. Bowling lanes can be removed from one building and replaced in another one by sawing their length into three parts and placing these parts together in the new location. This has in fact been done in many instances and can be done without any damage or injury to them or the building proper. The lanes in question, however, are of original construction. The bowling alleys are not bolted, screwed or otherwise attached directly to the premises and there are no pipes or other connections from them to the building. The bowling alleys are financed under a conditional sales contract with their sellers in which they are treated as personal property. Should any of the appellants fail to pay an instalment under the contract, the alleys are subject to removal from the premises. Legal title was reserved in the seller until full payment was made.

The power to determine what property shall be subject to taxation is a legislative and not an administrative or judicial function. The power to determine what

property shall be subject to taxation and what property shall be immune is solely within the province of the General Assembly. Subject to constitutional limitations, the power to tax vests exclusively in the legislature, which may expressly delegate segments of such power to municipal bodies, whose exercise thereof is confined to the express power delegated: *Com. v. Dauphin County*, 335 Pa. 177, 6 A. 2d 870.

Article II, §201, 72 PS §5453.201, of The Fourth to Eighth Class County Assessment Law, as it was originally adopted, provided, inter alia: "The following subjects and property shall as hereinafter provided be valued and assessed and subject to taxation for all county, borough, town, township, school, (except in cities), poor and county institution district purposes, at the annual rate, (a) All real estate, to wit: Houses, buildings, lands, lots of ground and ground rents, mills and manufactories of all kinds, and all other real estate not exempt by law from taxation." This section of the Act was amended by the Act of July 17, 1953, P.L. 455, §1, and again by the Act of July 28, 1953, P.L. 703, §1, 72 PS §5453.201, by adding after the portion above quoted the following language: "Machinery, tools, appliances and other equipment contained in any mill, mine, manufactory or industrial establishment shall not be considered or included as a part of the real estate in determining the value of such mill, mine, manufactory or industrial establishment: . . .", with the provision that the exclusions set forth shall be effective for fiscal years beginning on or after the first day of January, 1956.

In *Quaid v. Phila. Tax Review Board*, 188 Pa. Superior Ct. 623, 629, 149 A. 2d 557, we recently said: "In construing a statute or an ordinance words and phrases are to be construed according to their common and approved usage, unless the statute or ordinance defines them otherwise. Statutory Construction Act of

May 28, 1937, P.L. 1019, §33, 46 PS §533." We further said, at page 634: "There is no doubt that the rule applicable to the issue before us is that if there is any reasonable doubt tax statutes and ordinances must be strictly construed in favor of the taxpayer and most strongly against the taxing authority." As far as our search reveals, this is a case of first impression in Pennsylvania. But one case directly in point could be found outside of Pennsylvania. In *In the Matter of Bronxville Bowling Club, Inc. v. George N. Schmiedel, Tax Assessor*, 289 N.Y. 666, 45 N.E. 2d 171 (263 App. Div. 999), bowling alleys were held to be personal property and not taxable as real estate by the Court of Appeals of New York State. The facts and questions raised in that case are identical with the instant case. While the decision of a sister state is not controlling upon us, it is persuasive.

It was stipulated by counsel for both sides that the county has not assessed the alleys under the assembled industrial plant doctrine and therefore the assessment of the alleys may not be sustained for this reason. The assessment could not have been sustained under that doctrine because a bowling alley could not be considered to be an industrial plant. See *Streyle v. Board of Property Assessment, Appeals and Review, Allegheny County*, 173 Pa. Superior Ct. 324, 98 A. 2d 410.

The court below based its decision upon a finding of fact that "The substructure and lanes are an integral part of the building. . . ." We cannot see how such a finding could be made in view of the other findings made by the court below that there was no physical attachment of the alleys to the building and that they could be removed without any physical damage to the alleys themselves or the building in which they were located.

In *Peoples-Pittsburgh Trust Co. v. Security Peoples Trust Co.*, 133 Pa. Superior Ct. 18, 1 A. 2d 520, in an

opinion by Judge, now President Judge, RHODES, we held that a pipe organ was personal property and not a part of the real estate. This organ was placed in a balcony built especially to receive it, the cabinet of the organ was fastened to the back wall by 4 screws and 10 nails and various parts of the organ were fastened to the floor of the balcony by 14 screws. In installing the organ it was necessary to make 3 holes in the floor of the balcony, 2 of which were 3 inches in diameter. The third hole, which was 10 inches in diameter, was for the accommodation of the pipe which conducted the air from the ground floor of the church into the organ chamber. It was stated in that case that the organ could be removed without physical injury to it or to the church building.

In *Clayton v. Lienhard*, 312 Pa. 433, at page 436, 167 A. 321, it is stated: "Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty: Vaughen v. Haldeman, 33 Pa. 522; Jarechi v. Philharmonic Society, 79 Pa. 403. Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty—to them the ancient maxim 'Quicquid plantatur solo, solo cedit' applies in full force: Bank v. North, 160 Pa. 303 (steam heating pipes); Morrow Mfg. Co. v. Race Creek Coal Co., 222 Ky. 807 (coal tipple); Meagher v. Hayes, 152 Mass. 228 (house); Powers v. Dennison, 30 Vt. 752 (house); see Harmony Bldg. Assn. v. Berger, 99 Pa. 320; Boeringa v. Perry, 96 Wash. 57. Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring

the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable: White's App., 10 Pa. 252; Shell v. Haywood & Snyder, 16 Pa. 523; Harlan v. Harlan, 20 Pa. 303; Hill v. Sewald, 53 Pa. 271; Wick v. Bredin, 189 Pa. 83; Wickes Bros. v. Island Park Assn., 229 Pa. 400; Bullock Electric Mfg. Co. v. Traction Co., 231 Pa. 129; Ridgway D. & E. Co. v. Werder, 287 Pa. 358; Am. Laundry Mach. Co. v. Miners Trust Co., 307 Pa. 395."

As to the third class above stated, see also *Royal Store Fixture Co. v. Patten,* 183 Pa. Superior Ct. 249, 130 A. 2d 271, where we held that if a frozen custard stand and cooler were removable without material injury to either the stand and cooler or to the realty and the parties intended the stand and cooler to remain personal property, then the intention of the parties would determine its character as personalty.

We believe that the present case falls within the third classification above stated. The alleys could be removed without destroying or materially injuring the chattels themselves or the property to which they are annexed. The alleys became personalty because the parties, when they were installed, clearly expressed in the financing agreement the intention that they were to be personalty and that title was to be retained by the seller until full payment had been made and that if default occurred in any of the payments, the alleys could be removed by the seller.

The removal of the alleys would in no way destroy the usefulness of the building for any one of many other purposes. The alleys were not an indispensable part of the building, as was the furnace in *Holland*

*Furnace Co. v. Suzik,* 118 Pa. Superior Ct. 405, 180 A. 38.

It is true that in *Bemis v. Shipe,* 26 Pa. Superior Ct. 42, we said that "as between the owners of the land and the owners of the mill, the latter may be regarded and treated by them as personal property, and yet it by no means follows that in contemplation of law for other purposes it is not real estate." In that case the taxpayer sought to avoid payment of real estate taxes assessed on a mill building because there was a different ownership of the land and the mill. There is no doubt and there never has been any, that buildings are real estate and are, therefore, taxable as such. The enabling statute authorizing the imposition of the tax, clearly states that the county may assess and tax as real estate "buildings" and "mills and manufactories of all kinds." That case did not deal with chattels as the present one does. Here we are dealing with the question of whether the chattel was attached to the real estate and what the parties' intention was at the time of its attachment, if any. See *Prudential Insurance Company of America v. Kaplan,* 330 Pa. 33, 198 A. 68. Under the clear facts of the present case the alleys were not attached to the real estate and the parties certainly intended to treat them as personal property as was evidenced by their financing agreement entered into at the time of their installation.

It is our opinion that the alleys must be treated as personal property and as such were not taxable as real estate.

The orders are reversed and it is now ordered that the assessment of the bowling alleys as part of the real estate be rescinded.