## Hartman v. Fulton County

*Merrill W. Kerlin,* for plaintiff.

*Gerald R. Walmer,* for defendant.

SHEELY, P. J., December 14, 1960.—The sole question raised in this tax assessment appeal is whether a house trailer on land of appellant is subject to assessment for taxes for county purposes along with the real estate.

Appellant owns 2.4 acres of land in Ayr Township, Fulton County, which he has developed as a trailer court with accommodations for 18 trailers. There are presently 14 trailers in the court, but only the trailer in which appellant lives was assessed. The trailer court is equipped with copper water lines and plastic

sewer lines which can be attached to, or detached from, trailers in 10 minutes time. At each trailer location there is a flat concrete patio eight feet by 24 feet but there are no permanent steps to the trailers. The trailers are set on 16 piers of concrete blocks set 80 inches apart but are not attached to the blocks in any way. The piers are not permanent but are removable and adjustable to the desired height. The trailers have detachable assemblies so that the wheels may be removed or replaced readily by merely jacking up the trailer.

Appellant has owned the land since May 1957, and installed his first trailer in August of that year. Since 1957, he has lived in two different trailers. The trailer which was assessed was a "Palace" trailer, 50 feet by 10 feet, and this was replaced in October 1959 with a "Greencastle Coach" trailer, 61 feet by 10 feet, which has less value than the Palace trailer. Both trailers belonged to the Greencastle Coach Company and were in appellant's possession for resale under an arrangement whereby he would occupy the trailer pending sale, and upon sale the trailer would be replaced by another. The trailer in question is installed as above described. It was testified that the wheels were removed as a safety measure.

Ayr Township School District imposes a tax of $2 per month on the use and occupancy of each trailer in the court, including the assessed trailer, under the provisions of the Act of June 25, 1947, P. L. 1145, 53 PS §6851, as amended.

Whether house trailers used as living quarters are subject to taxation as real estate has been a vexing question for assessment authorities. It seems unjust that one family should live in an elaborate house trailer without being taxed on the value of the trailer while their neighbors, living in a modest house of much less value, should have the value of the house

included in the value of their real estate for tax purposes.

The reason for the difference is that The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, 72 PS §5453.201, under which assessments for taxation are made, provides that certain subjects and property shall be valued and assessed and subject to taxation for all county, borough, town, township, school, poor and county institution district purposes, including, inter alia, "all real estate," while mobile house trailers are not real estate but personal property. In Streyle v. Board of Property Assessment Appeals and Review, 173 Pa. Superior Ct. 324 (1953), it was held that mobile house trailers located on land licensed as a trailer park, which remained unattached to the real estate, and whose owners intend to use the park merely as transient tenants, were not taxable as real estate. It was there said:

"House trailers so long as they remain mobile, i.e., equipped with wheels, are personal property in contemplation of The Vehicle Code."

In Mason Appeal, 75 D. & C. 1 (1950), Judge Sohn, of Beaver County, made an exhaustive study of the problem and concluded that the question must be determined under the law of real property and that house trailers located on the land of another and not permanently affixed thereto are not taxable as real estate. In Fryer Appeal, 81 D. & C. 139 (1951), Judge Corson, of Montgomery County, held that a trailer cannot be assessed as real estate unless it has, in fact, become such, in determining which the intention of the parties, rather than the extent of its attachment to real estate, is controlling.

It was undoubtedly because mobile house trailers not attached to real estate, but used as living quarters, could not be taxed as real estate that the legislature, by

the Act of June 25, 1947, P. L. 1145, 53 PS §6851, as amended, authorized a tax in townships of the second class upon, inter alia, "on use or occupancy of house trailers suitable for living quarters . . ." which, in effect, made house trailers subject to tax even though they remain personal property. The provisions of this act, of course, are not available for county purposes, and it is at least questionable whether they would apply to house trailers which have become part of the real estate.

The assessment law of May 21, 1943, was amended by the Act of July 17, 1953, P. L. 464, the title to which provided that it was for the purpose of "further classifying real estate for the purpose of assessment for taxation." This amendment added "house trailers permanently attached to land" and "trailer parks" to the classification of real estate which might be assessed and taxed. It seems clear, however, that this amendment did not attempt to make something taxable as real estate which was not theretofore taxable as such. The original assessment law of May 21, 1943 provided for the assessment and taxation of "all real estate," and, after enumerating certain specific classes of real estate such as houses, buildings, lands, lots of ground, etc., concluded with the words "and all other real estate not exempt by law from taxation," thus including all real estate as the subject of assessment and taxation whether specifically enumerated or not. Under general real estate law and under all the decisions, a house trailer permanently attached to land would be real estate and, therefore, taxable as such.

House trailers are initially personal property, and they do not become real estate merely because people reside in them. Like any other personal property, however, they may become real estate depending upon the intention of the parties and the method of their

attachment to real estate. The distinction is stated in Clayton v. Lienhard, 312 Pa. 433, 436 (1933), cited in Royal Store Fixture Co. v. Patten, 183 Pa. Superior Ct. 249, 252 (1957):

" 'Chattels used in connection with real estate are of three classes: First, those which are manifestly furniture, as distinguished from improvements, and not peculiarly fitted to the property with which they are used; these always remain personalty: . . . Second, those which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty: . . . Third, those which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed; these become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation; in this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable . . .' "

In Coyle Assessment, 17 D. & C. 2d 149 (1958), the only case we have found decided since the amendment of 1953, Judge Woodring, of Northampton County, held that under the facts of that case the three trailers in question were properly assessed as real estate. One of the trailers had a three-wall addition built to it which clearly indicated permanent attachment to the land and, as to the other two trailers, the testimony indicated an intention of the parties to make them permanent attachments. These factors are not present in the instant case.

In the present case, the assessed trailer is not taxable as real estate. It is not permanently attached to land; it is merely set on loose concrete blocks and is

readily removable without injury to itself or to the real estate. All that is required for its removal is that it be jacked up and connected with its wheel assembly and disconnected from its water and sewer connections, a task requiring not more than 15 minutes. The mere fact that it is affixed to water, electric and cesspool facilities does not render it incapable of being removed without material injury to itself or the realty: Royal Store Fixture Co. v. Patten, 183 Pa. Superior Ct. 249 (1957), supra. The parties never intended that it should become a part of the realty. It is not owned by the landowner, who is merely an agent for its sale. Upon sale, it would be removed and replaced by another trailer which would also be for sale. The fact that the landowner intends to reside in the present trailer or in a trailer which might replace it, either permanently or for an indefinite period of time, does not change the character of the trailer from personal property to real estate.

It follows that the appeal must be sustained.

And now, December 14, 1960, the appeal of Andrew Hartman from the assessment of a house trailer as part of his real estate is sustained, and the Fulton County Board of Assessment and Tax Revision is directed to strike the assessment in the sum of $1,905 from its assessment list. An exception to this order is noted on behalf of the Fulton County Board of Assessment and Tax Revision.