## In re THORNTON CO.

(District Court, M. D. Pennsylvania.  March 4, 1926.)

No. 5010.

1. **Bankruptcy** ⟜140(½)—**Title to steel delivered under contract to erect building for bankrupt, but not placed in structure, held to remain in contractor.**

Where claimant contracted to furnish and deliver structural steel, and to erect a coal breaker, payment to be made after breaker was erected, *held*, title to steel delivered to premises, but not placed in structure at time of bankruptcy of purchaser, remained in seller, and steel was subject to reclamation from trustee.

In Bankruptcy. In the matter of the Thornton Company, bankrupt. Reclamation proceeding by the Standard Iron Works against the trustee in bankruptcy. On claimant's exceptions to the master's report on a rule to show cause. Exceptions sustained, and rule made absolute, with directions.

Knapp, O'Malley, Hill & Harris, of Scranton, Pa., for exceptants.

C. A. Battenberg, of Scranton, Pa., for trustee.

JOHNSON, District Judge. On September 6, 1923, the Standard Iron Works of Scranton, Pa., contracted with the Thornton Company, of Scranton, Pa., to furnish and deliver structural steel and corrugated iron sheeting for a coal breaker building, f. o. b. cars Millview, Pa., together with necessary bolts, and to erect a new breaker building at Forksville, Pa., for the price of $11,550, payable when all of the material was delivered and erected in the breaker building. While the structural material was on the ground of the Thornton Company, but before any of it was erected into the breaker building, the Thornton Company was adjudicated a bankrupt by the United States District Court for the Middle District of Pennsylvania. The Thornton Company has never paid to the Standard Iron Works the contract price or any part thereof.

This is a reclamation proceeding, brought by the Standard Iron Works against the trustee in bankruptcy of the Thornton Company, to recover the materials furnished by the Standard Iron Works for the purpose of erecting the coal breaker building, now lying on the land of the Thornton Company, but not erected into the breaker building, nor attached to the property of the Thornton Company.

On September 26, 1925, on petition, a rule was granted on the trustee to show cause why the said property should not be delivered to the petitioner, the Standard Iron Works. The court appointed a special master to take testimony and make report to the court, together with his findings of fact and conclusions of law. Testimony was taken by the special master, who found, among other matters of fact and law, that the contract in question constituted a sale between the parties, and that the Thornton Company had the right, title, and interest to the steel in question. Exceptions were filed by the Standard Iron Works to the special master's report, which exceptions we now have for disposition.

The question to be determined here is: Did the title to the structural steel of the Standard Iron Works change to the Thornton Company, upon its delivery on the ground of the Thornton Company, where the coal breaker was to be erected, or did the title remain in the Standard Iron Works until the materials were put into the structure? The contract here was not one of sale, but a contract to deliver and erect the building, and from this it follows that the title to the material would not change until it was erected into the breaker building on the land of the Thornton Company.

In Re P. J. Sullivan Co., Inc. (D. C.) 247 F. 139, on page 153, Judge Ray, delivering the opinion of the court, said: "I cannot see how it can be found as matter of fact that possession of material taken by a contractor upon the premises of the owner of such premises for the purpose of incorporating such material into a building which he is to erect for the owner under contract passes to such owner of the premises prior to its incorporation in the building, in the absence of specific agreement to that effect." And in Re John H. Parker Co. (D. C.) 268 F. 868, it was held, where a subcontractor agreed to furnish labor and materials and construct a floor in a building, and stored the materials on the premises until the work could be commenced, that title to the materials did not pass to the contractor, and that its receiver in bankruptcy secured no right thereto.

It follows that the exceptions to the report of the special master, wherein he finds the title of the steel in question in the Thornton Company, must be sustained, and exceptions 1, 2, 3, 4, 6, and 7 are sustained, and the fifth exception to the charge by the special master of a fee of $150, payable as part of the costs of the proceeding, is dismissed, and the trustee of the Thornton Company is hereby ordered and directed to pay to Robert E. Dolphin, Esq., special master, the sum of $150.

And now, March 4, 1926, the said rule is made absolute, and the trustee in bankruptcy of the Thornton Company is ordered and directed to turn over to the Standard Iron Works all of the structural steel and materials mentioned in the schedules attached to the said petition in this proceeding.