## CULLYFORD CO. v. JOSS*
(No. 1247; May 18, 1926; 246 Pac. 27.)

APPEAL AND ERROR—EVIDENCE AS TO LOST INSTRUMENT—CONTRACTS
—REPLEVIN—ESTOPPEL.

1. Objection to admission of parol evidence of written contract alleged to have been lost that writing was the best evidence was not sufficient to raise question as to sufficiency of showing that writing was lost.

2. Where witness testified that written contract in question could not be found, and described his efforts to find it, court did not err in permitting witness to testify as to substance of contract.

3. Where materials furnished by contractor in construction of hotel were to be paid for when installed, *held* that as against execution creditor of hotel company contractor retained title and right to possession of materials which had not been installed or paid for by hotel company.

4. Where materials furnished by contractor to be used in construction of hotel were never installed, but left in street until moved to alley by side of building, *held* that failure of contractor to assert claim to material until sheriff was seizing it, almost three years later, as property of hotel owner, did not estop contractor from claiming that title never passed.

*See Headnotes— (1, 2) 3 C J p. 822 n. 27: 22 C J p. 1053 n. 37. (3) 9 C J p. 732 n. 44. (4) 21 C J p. 1252 n. 93.

APPEAL from District Court, Niobrara County; CYRUS O. BROWN, Judge.

Action by The Cullyford Company against Chris Joss, Sheriff of Niobrara County, to recover certain steam radiators and a water tank, seized by defendant upon a writ of execution. There was a judgment for plaintiff and defendant appeals.

*Thomas M. Fagan,* for appellant.

The court erred in admitting parol testimony of terms of the written contract without showing diligence to procure it; 10 R. C. L. 884-903; respondent failed to establish

ownership of the property or right of possession; burden
was on plaintiff to prove right of possession; Dayton v.
Bank, 1 Wyo. 263; the contract was not recorded; 4713
C. S.; title passed by delivery and was so intended; 4739-
4741 C. S.; Chapman v. Lathrop, 16 A. D. 432; Leather-
bury v. Conner, (N. J.) 33 A. S. R. 672; unreasonable delay
constitutes waiver of right to reclaim; 23 R. C. L. 1388;
Frech v. Lambert (Pa.) 11 L. R. A. N. S. 948; respondent
is estopped; 10 R. C. L. 842; Jackson v. Lodge, 36 Calif.
38; estoppel may be proven under general denial; Tyler
v. Hall, 27 A. S. R. 337; Grum v. Barney, 55 Calif. 254;
plaintiff relied upon the hotel company and not upon the
property in issue and was estopped to claim title; 2 R. C.
L. 236; where the only issue was one for the court, there
should be a directed judgment on reversal; Warren Bros.
v. Kendrick, (Md.) 140 A. S. R. 445.

*Harold I. Bacheller,* for respondent.

Plaintiff agreed to furnish the fixtures and install them
in a building under a contract calling for 85% of labor
and materials installed each month; the sufficiency of a
showing of lost documents that will justify parol evidence
of their contents is within the discretion of the court;
Herndon v. Givens, 16 Ala. 261; Long v. Moore, 17 Pa.
Dist. 578; 22 C. J. 964; U. S. v. Reyburn, 6 Pet. 352; 8 L.
ed. 424; Minor v. Tillotston, 8 L. ed. 96; Kenniff v. Caul-
field, 73 Pac. 803; evidence of collateral matters is unaf-
fected by the best evidence rule; 22 C. J. 978; Scullin v.
Harper, 78 Fed. 460; Jones Ev. Vol. 2, Page 195; rule does
not exclude evidence unless objection is made; the condi-
tional sales principle is not involved; plaintiff was not
estopped from showing title; materials had not been in-
cluded in the building; and hence remained the property
of the plaintiff; Rochelle v. Co., 164 Ill. App. 412; Man-
chester Mills v. Rundlett, 23 N. H. 271; Johnson v. Hunt,
11 Wend. (N. Y.) 135; Fairfield Co. v. Nye, 60 Me. 372;

Bosston v. Marriott, 4 Giffard 436, 66 Reprint 778; the judgment should be affirmed.

KIMBALL, Justice.

This is a replevin action in which the Cullyford Company, a corporation, is plaintiff and the Sheriff of Niobrara County is defendant. The case was tried without a jury; judgment was for the plaintiff, and defendant has appealed.

There is hardly any dispute about the facts. In 1919 and 1920 the plaintiff, as contractor, was engaged in installing the plumbing and heating appliances in a hotel being constructed at Lusk. Among the materials ordered by plaintiff, to be used in fulfilling the contract, were a water tank and 190 steam radiators, the property involved in this action. The property, when received by plaintiff, was placed in the public street adjacent to the building. It was never installed in the building nor moved to the real estate of the hotel company. The reason for this was that the construction of the building stopped for lack of funds, and plaintiff ceased work under its contract. The property in question remained in the street or on the sidewalk in front of the hotel building until July, 1921, when it was moved to an alley at the side of the building. It remained there until it was seized by the defendant on an execution on a judgment against the hotel company in favor of Mr. Nat Baker. The legality of the execution is not questioned. After the property had been seized by the defendant on the execution, the plaintiff brought this action, claiming to be the owner and entitled to the possession of the seized property. The point in issue was whether the property at the time of the levy of the execution belonged to the plaintiff or to the hotel company.

The plaintiff's vice president testified that the plumbing and heating for the hotel was being installed by the plaintiff under a written contract with the hotel company. After this witness had testified that the writing could not

be found and had described his efforts to find it, he was permitted to state the substance of the contract. The defendant claims in this court that this was error, for the reason that the testimony was not sufficient to show that the writing was lost. It does not appear that this objection was made in the trial court. The only objection there was that the writing was the best evidence. It is hardly to be contended that that objection was sufficient to raise the question as to the sufficiency of the showing that the writing was lost. We may say, however, that we do not think the court erred in permitting the witness to testify as to substance of the contract.

The contract provided that materials furnished should be paid for when installed. There is no contention that the property in question was ever installed in the building or paid for by the hotel company or made the subject of any claim by plaintiff against the hotel company. The hotel company never claimed or exercised any right of possession or ownership of the property. In these circumstances we have no doubt that the trial court was right in holding that the plaintiff retained the title and right to possession of the property. As stated in 9 C. J. 732,—

"When the builder is to furnish the materials and labor for the performance of a contract requiring the erection of structures on the land of the owner, the materials generally remain the property of the builder until they are affixed to the land of the owner or are delivered to and accepted by him as his property."

It is argued that the plaintiff is estopped to assert its ownership of the property. The plaintiff contends that the evidence relied upon to show estoppel was improperly admitted and should be disregarded because the issue of estoppel was not raised by the pleadings. We do not pass on the question of the pleading. The defendant's contention, as stated in the brief, is that "plaintiff is estopped to

claim, title never passed after delivering the property to the execution debtor and allowing it to remain in possession of the execution debtor for about three years without asserting any claim.'' From the facts we have recited the trial court was justified in finding that the property was never delivered to, or in the possession of, the hotel company, the execution debtor. There was no occasion for the plaintiff to assert its claim until the sheriff was seizing the property, and at that time the plaintiff did make positive claim to the property. It seems clear, therefore, that the facts to show an estoppel were not established. The execution creditor testified as a witness. He did not claim that the plaintiff said or did anything to mislead him either in extending credit to the hotel company or in having the execution issued and levied.

At the time of making the levy of the execution, while plaintiff's vice president was present claiming the property, a tag bearing the name of the hotel was discovered on one of the articles. The defendant presses this fact as showing that the property was delivered to the hotel company. We do not believe it was of any great importance or that it has the effect claimed for it. Plaintiff explains that the articles were thus tagged solely to show the particular ''job'' at which they should be delivered, as the plaintiff was receiving at the same time materials to be used to fulfill several contracts.

We find no error in the record, and the judgment will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.