Schnebbe Fire Protection Engineering Corporation, Appellant, *v.* Sandt Estate et al.

Argued May 24, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*Harry P. Creveling*, with him *David Freeman*, for appellant.

*Jacob A. Raub, Jr.*, for appellees.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, June 26, 1950:

The question raised by this appeal is whether or not the court erred in directing a verdict for defendants in a replevin suit.

Clyde F. Sandt, whose estate is a defendant, entered into a written contract with the Schnebbe Fire Protection Engineering Corporation, whereunder Sandt agreed with the corporation that it should furnish and install a sprinkler system in his garage and salesroom in the City of Easton. Payment therefor was to be made in a manner then customarily in vogue, viz.: Sandt covenanted to pay the amount of existing fire insurance premiums which he was then paying to the corporation for a specified number of years, the difference in the reduced rates of insurance *after* the installation of the equipment,

retained by the equipment corporation, constituting the purchase price and cost of installation. Upon the completion of the contract Sandt, of course, would receive the benefit of the reduced rates of fire insurance because of the added fire protection.

It was agreed in the contract that title to the sprinkler system, after installation, should remain vested in the Equipment Company *"as personal property"* until completion of the contract, and upon default, the Equipment Company could, *inter alia*, enter upon the premises and remove the equipment.

At and before the execution of the contract, the premises in question were encumbered by a mortgage held by the Northampton County Building & Loan Association, the other defendant. It was averred in the mortgagee's answer, and not denied: "1: That it had no notice of any kind of the installation and placing upon the premises upon which it held a mortgage, of a sprinkler system by Clyde F. Sandt, the defendant, or by the plaintiff, and did not agree in any manner to the placing or installing of the said sprinkler system in and upon the said premises, and the Defendant, the Northampton County Building and Loan Association, is not bound in any way by any agreements in regard thereto."

The mortgage was foreclosed, because of default, and the premises sold and conveyed to the mortgagee by the Sheriff. At the sale the Equipment Company gave notice of a claim of title to the Sprinkler System. Default being made by Sandt in the contract, an action of replevin was instituted to recover the sprinkler system. Upon answer being filed by the mortgagee, then the real owner by foreclosure, and issue joined, a verdict for defendants was directed. The appeal followed.

The judgment was properly entered. We have decided that when a sprinkler system is installed it forms an integral part of a building and becomes part of the real estate, irrespective of an agreement that it should

be considered personalty. Chief Justice DREW said, in *Clayton v. Lienhard*, 312 Pa. 433, p. 436, 167 A. 321, that chattels ". . . which are so annexed to the property that they cannot be removed without material injury to the real estate or to themselves; these are realty, even in the face of an expressed intention that they should be considered personalty—to them the ancient maxim 'Quicquid plantatur solo, solo cedit' applies in full force: Bank v. North, 160 Pa. 303 (steam heating pipes); Morrow Mfg. Co. v. Race Creek Coal Co., 222 Ky. 807 (coal tipple); Meagher v. Hayes, 152 Mass. 228 (house); Powers v. Dennison, 30 Vt. 752 (house); see Harmony Bldg. Assn. v. Berger, 99 Pa. 320; Boeringa v. Perry, 96 Wash. 57."

Also, p. 437: ". . . it was a permanent improvement which would pass upon a sale of the freehold, it was affixed so that it could not be removed without material injury to the building and damage to itself. By these criteria, the apparatus became realty as an integral part of the building: (citing cases)."

Also, p. 438: "Since . . . the apparatus did become a part of the realty, the provision in the contract that it should remain personal property was of no effect: (citing cases)."

As the mortgagee had no notice of the installation, and did not enter into any agreement that the sprinkler system should be regarded as a removable chattel, or commit any act which would constitute an estoppel, the equipment, having on installation become part of the realty, passed to the defendant upon foreclosure and the conveyance by the Sheriff.

Under such circumstances we need not consider the questions of inadequate description of personalty in replevin, conditional sales or the rights of the plaintiff and the former realty owner, under their contract.

Judgment affirmed.