**In the Matter of UNIVERSAL MEDICAL SERVICES, INC.**

**Petition of LISKEY ALUMINUM, INC.**
**No. 70-456.**

United States District Court,
E. D. Pennsylvania.
March 29, 1971.

See also, D.C., 325 F.Supp. 888.

Albert Momjian, Philadelphia, Pa., with him on the brief, Leonard B. Rosenthal, and Abrahams & Loewenstein, Philadelphia, Pa., for petitioner.

Marvin Krasny, with him Adelman & Lavine, Philadelphia, Pa., for Irving H. Kutcher, Trustee.

MEMORANDUM AND ORDER

JOHN W. LORD, Chief Judge.

The Court is here presented with a petition for review of the Referee in Bankruptcy's order denying reclamation to the petitioner, Liskey Aluminum, Inc. We reverse and remand for reasons set forth in the body of the opinion.

On May 11, 1970, Liskey Aluminum, Inc., hereinafter Petitioner, and Universal Medical Services, Inc., hereinafter Bankrupt, entered into a written contract, whereby Petitioner agreed to deliver and install a raised steel floor for the single unit price of $50,160.00.

The Bankrupt filed a Petition for Arrangement under Chapter XI of the Bankruptcy Act on August 7, 1970, at which time all of the necessary materials had been delivered to the job site, and about three-quarters of the installation of the floor had been completed.

The Chapter XI proceedings aborted on October 20, 1970, and Universal was adjudicated a bankrupt. Petitioner filed to compel the adoption or rejection of the contract, and a hearing was held, after which the Referee in Bankruptcy denied Petitioner's request for adoption or rejection, and, in the alternative, for reclamation.

A public sale of all of the Bankrupt's assets was held, at which time Petitioner bid in on the materials which it had delivered to the job site, and which had either been installed or were awaiting installation. Petitioner paid $9,500.00, which sum was segregated from the sale's other proceeds, with the understanding that Petitioner would be relegated to that fund in the event that its position was sustained.

The contract itself calls for the supplying and installing of a floor. That this is so is mentioned twice within the body of the contract. Petitioner argues that because of this, although two acts are required, delivery and installation, it is a unitary contract, which is now

executory. With this we agree. It also argues that because the floor is to be installed to the satisfaction of Bankrupt, it is a sale on approval. While we disagree with this clever, but sophistic argument, we do not find it necessary to discuss it as the first argument is dispositive of Petitioner's claim.

The Referee's opinion states that he finds this to have been a severable contract, one part for delivery, and one for installation. He goes on to note that one quarter of the floor has yet to be installed, and that "that small phase of the contract remains executory". We find that that one small phase is sufficient to recognize Petitioner's claim.

Petitioner cites to the Court the case of In Re Thornton Co., 11 F.2d 669 (M. D.Pa.1926). Petitioner there had contracted with the bankrupt to deliver and install material for a coal breaker building, and to erect it. While the material was still on the ground, and before any part of the building had been erected, the Thornton Company was adjudicated a bankrupt. The court there found that it was confronted not with a contract of sale, but rather one to deliver and erect a building, and that title had not passed to the bankrupt. While this characterization of the transaction goes against Petitioner's description of the instant dealings, we find authority for our position in this case. We note also that while this is not in recent authority, it is a case in no way contradicted by later decisions.

Later authority for our position may be found in Collier on Bankruptcy, 14 Ed. Vol. 4A, § 70.43, where it is said that, "[a]s long as there remains any part of a contract unperformed, the contract is executory, and subdivision b of § 70 [of the Bankruptcy Act] even emphasizes this broad scope of the term by speaking of contracts of the bankrupt that are executory 'in whole or in part'."

### ORDER

And now, to wit, this 29th day of March, A.D., 1971, it is ordered that the petition of Liskey Aluminum, Inc. be remanded to the Referee in Bankruptcy for proceedings not inconsistent with this opinion.

And it is so ordered.