## Conyngham & Co. v. Frank

John H. Doran, for plaintiff.
Joseph V. Kasper, for defendants.

PODCASY, J., June 16, 1975—The facts of the case now before us center around dealings involving Conyngham and Company (hereafter referred to as "Eastern Penn Supply"), Joseph Pisack and Mr. and Mrs. John W. Frank.

The Franks are the owners of a residence at 124 South Grant Street, Wilkes-Barre. On March 8, 1974, John W. Frank, the husband, signed a contract with Joseph Pisack by the terms of which Pisack agreed to install aluminum siding and flashing on the entire exterior sidewalls of the residence for a total price of $7,850. In signing this contract, John W. Frank was acting not only on his own behalf, but also as the duly authorized agent of his wife, Dorothy P. Frank.

The remodeling contract itself did not specify any schedule of progress payments, but the Franks did, in fact, pay $3,200 on March 11, 1974, $1,400 on April 5, 1974, $500 on April 12, 1974, and $450 on April 18, 1974, bringing to $5,550 the total of all payments made on or before April 18, 1974.

On or about April 18, 1974, Pisack went to Eastern Penn Supply's office in Wilkes-Barre and or-

dered that aluminum siding materials priced at $658.59 be delivered to the Frank property. Pisack gave Eastern Penn his check for $658.59 in full payment for the order, and the materials were delivered by Eastern Penn to defendants' residence on or about April 19, 1974. No payments were made by the Franks to Pisack after such delivery.

On or about April 26, 1974, Eastern Penn was advised by its bank that the Pisack check had bounced, whereupon Eastern Penn contacted John W. Frank and requested that they be allowed to repossess the siding materials. The request was refused by Mr. Frank, as was a subsequent similar request by Eastern Penn's counsel. Pisack dropped out of sight and the Franks eventually arranged with other contractors to complete the siding job, utilizing for this purpose the materials originally provided by Eastern Penn Supply to Pisack.

The facts, as we have outlined them above, are as stated in plaintiff's first amended complaint. We have before us defendant's demurrer, and we, therefore, must accept plaintiff's allegations as true.

The basis of defendant's demurrer is threefold, as follows:

(1) The facts alleged establish neither privity of contract between plaintiff and defendant nor an intent on the part of defendants to benefit plaintiff by entering into the March 8, 1974 remodeling contract with Pisack.

(2) The facts alleged fail to establish any legal obligation on the part of defendants to either return or pay for the goods sold by plaintiff to Pisack.

(3) The facts alleged fail to show the remodeling contract between Franks and Pisack to be a sales

contract governed by the Uniform Commercial Code.

It is perfectly obvious that, on the facts now alleged, we have neither privity of contract between the parties to this lawsuit, nor a third-party beneficiary contract operating to the benefit or protection of Eastern Penn Supply. It is equally obvious that the remodeling contract between Pisack and the Franks is not a sales contract, but a construction contract. We are, therefore, reduced to deciding whether or not the facts alleged set forth any basis whatever, wholly apart from the provisions of the remodeling contract, upon which we may predicate liability of the Franks to Eastern Penn Supply.

Plaintiff's counsel has called our attention to the Federal court decision In re Universal Medical Services, Inc., 460 F. 2d 524 (1972), and to the provisions of 8 P.L.E. 410, §363, in which it is set forth that, unless otherwise provided by contract, materials furnished by a builder remain his property "until affixed to the owner's land or delivered to and accepted by him as his property." We accept this as an accurate statement of the law, and we also note that, in the remodeling contract between the Franks and Pisack there are no provisions which alter this basic principle. Nor do we find any allegations that the siding materials had been affixed to the Franks' land or delivered to and accepted by them as their property prior to the April 26, 1974 request by Eastern Penn that the materials be returned. We, therefore, must conclude that, as between the Franks and Pisack, their contractor, the siding materials belonged to Pisack, and could have been removed from the premises

by him at any time. This leads inevitably to the question whether Eastern Penn stood precisely in the shoes of Pisack on April 26, 1974, in reference to repossession of the siding materials.

The remodeling contract between the Franks and Pisack was not a sales contract, but a construction contract. However, the contract between Pisack and Eastern Penn was a sales contract, and the provisions of article 2 of the Uniform Commercial Code, therefore, apply. The provision relating to dishonored checks is set forth in section 2-511, and states that, subject to certain other provisions of the act which do not concern us at this juncture, "payment by check is conditional and is defeated as between the parties by dishonor of the check on due presentment.": Act of April 6, 1953, P.L. 3, sec. 2-511, as amended, 12A PS §2-511.

The Pennsylvania Bar Association Notes under section 2-511 read as follows:

"Apparently the Code intends to allow seller to recover the goods from the buyer on dishonor of a check given in payment. This is consistent with prevailing rules allowing rescission for fraud. But it is to be noted that in making payment by check conditional the Code does not affect the rights of third parties, such as bona fide purchasers."

These Bar Association Notes are so guarded in their phraseology as to be of little guidance to us. Instead of stating the view that "the Code allows the seller to recover the goods," the notes state the view that "*Apparently* the Code *intends* to allow seller to recover the goods . . . (italics ours)." The same applies to the note in reference to third parties, which, instead of flatly stating the view that "the Code does not affect the rights of bona fide purchasers," states in much more guarded terms

the view that the code does not affect the rights of third parties *"such as"* such purchasers (emphasis supplied). This leaves us to wonder whether, in the view of the writer of the Bar Association Notes, the code would also allow to remain unaffected the rights of third parties other than (and possibly quite different from) good faith purchasers.

We are not permitted to indulge ourselves in the type of bold, forthright equivocation found in the Bar Association Notes, and we, therefore, hold that 12A PS §2-511(3) does, by necessary implication, allow a seller the right to recover goods sold if a currently dated check given in payment is thereafter dishonored, but that this right of recovery cannot be exercised against any third party who has contracted with, paid or extended credit to the buyer, in good faith, after delivery of the goods, and without knowledge or notice of the seller's claim against the goods. In the case before us, however, the Franks are not such good faith purchasers, for they contracted with and made payments to Pisack not after, but before, the delivery of plaintiff's goods to their premises.

These principles lead us to conclude that Eastern Penn Supply has alleged facts which, if taken as true, entitled it on April 26, 1974 to recovery of the goods sold to Pisack and delivered to the Frank premises, and entitle it now to recover from Franks the value of the goods which were thereafter utilized by the Franks in completion of their remodeling project. We must add, however, that we find it difficult to ascribe to our legislature an intention to elevate the rights of a seller to the level higher than the rights of his own buyer as against any third party dealing with the buyer. We feel that defendants, in filing their answer should not be precluded

from setting forth any defense which would have been available to them on or before April 26, 1974 in a suit instituted by Pisack, the contractor, for recovery of the value of the same siding materials for which Eastern Penn Supply herein seeks recovery.

We must, therefore, enter the following

## ORDER

Defendants' preliminary objections in the nature of a demurrer are hereby dismissed, and defendants are hereby ordered to plead responsively to plaintiff's first amended complaint within 20 days after receipt of a copy of this order.